# Henry Freker, Executor of Bernard Bischof, Deceased, *v.* Henry Berg, Appellant.

*Orphans' court sale—Price Act—Act of April 18, 1853—Title—Parties.*

Where testator states in his will that it may be necessary to sell a designated portion of his real estate to pay off debts on the remainder, and the executor obtains from the orphans' court an order of sale under the act of April 18, 1853, and all of the heirs and parties in interest are made parties to the proceeding, except a nonresident heir not heard from for thirteen years, and upon whom advertisement has been made by order of court, the executor may make a good title to the property which the testator designated to be sold.

Argued Nov. 11, 1898. Appeal, No. 206, Oct. T., 1898, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1898, No. 470, on case stated. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the title to real estate.

The case stated was as follows :

The action is brought by Henry Freker, executor of the will of Bernard Bischof, deceased, to recover from the defendant, Henry Berg, the sum of $1,000, with interest from March 13, 1896, less certain credits, leaving balance due $1,010, being the purchase money of certain lots of ground sold by the plaintiff to the defendant by agreement in writing, signed by plaintiff and defendant. . . .

And now, April , 1897, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court in the nature of a special verdict.

Bernard Bischof, aforesaid, died at Pittsburg, said county, November 12, 1887, seized of the above described lots in fee, having first made his last will and testament dated November 8, 1887.

Letters testamentary on said estate were granted by the register of Allegheny county to the said Henry Freker, November 26, 1887. All debts not of record have been paid except a bond of $5,700 to Nicholas Heil, dated November 1, 1878, now held by Stephen Young. Anna Bischof, widow of decedent, died in the year 1894, intestate. George Bischof, Agatha Bi-

schof and Frank Bischof, devisees in said will, are living, aged respectively thirteen, fourteen and fifteen years, and are domiciled in Cambria county, Pennsylvania. George C. Eichensehr, of said Cambria county, was duly appointed guardian of said minors by the orphans' court of Cambria county, and gave bond to the commonwealth as required by said court. William Bischof has been absent from the state and unheard of for the past thirteen years, and the said John Bischof, Joseph Bischof and Henry Bischof, by deed of general warranty, conveyed their interests in said above described lots of ground, inter alia, to J. E. O'Donnell. There are no liens against said property.

The plaintiff, on February 8, 1896, presented his petition to the orphans' court of Allegheny county, setting forth the above facts, inter alia, and averring that it would be to the interest of the said estate and of the owners thereof to sell the said Verona property, and apply the purchase money to the payment on account of a certain mortgage for $5,700, covering other property of decedent situate in the city of Pittsburg; that said Verona property had produced less income than the legal interest upon $1,000 during the period since the death of decedent; that the house erected thereon is old, and requires frequent repairs; that the lot lies considerably above the grade of the street, and it would require a large amount of money to grade the said lot and lower the said house; that it is assessed for taxation at $1,100, and prior to 1892, at $900; that it was in the hands of a real estate agent in Verona for sale for over a year without an offer, and that the management of said property is attended with considerable trouble and expense. It is also averred in said petition that the petitioner had received an offer from Henry Berg, the defendant, to purchase the said property at the price of $1,000 cash, and that the same was a fair and reasonable price, and more than could be realized at a public sale; that it was necessary to sell the said Verona property in order to pay off the debts of the Pittsburg property, viz: said mortgage of $5,700, a condition provided for in said will, and that all the heirs and parties in interest except the said William Bischof, nonresident as aforesaid, had approved of the said sale, and requested the petitioner to sell the same, and apply the purchase money to the payment on account of said mortgage. Said petitioner in said petition further averred that he

was advised that said decedent, in the sixth paragraph of his will, by implication authorized the sale of his Verona property, if and when it became necessary to pay off debts of his Pittsburg property, which authority not having been conferred on any person, by name or description, the power was vested by law in the petitioner as executor, but that it was necessary that he exercise said power under the direction and decree of the said honorable court. Wherefore the petitioner prayed that the said honorable court might make an order authorizing and directing the petitioner to make private sale of the said Verona property to the said Henry Berg for the said sum of $1,000, and to make, execute and deliver to the said Henry Berg a good and sufficient deed for the said property on payment of the purchase money, and to pay the said purchase money on account of said mortgage. And petitioner attached to his said petition the consent in writing of said J. E. O'Donnell and said George Eichensehr, guardian of George Bischof, Agatha Bischof and Frank Bischof, by Charles P. McKenna, the duly authorized attorney of said guardian.

Whereupon the said court awarded a citation returnable February 29, 1896, at 10 o'clock, A. M., and directed that service upon William Bischof be had by advertisement once a week for three weeks, in the Pittsburg Leader, which citation was duly served as required by said order on all parties in interest, and the said court, on March 3, 1896, no answer and no exceptions having been filed, upon consideration of the petition, made the following order:

" And now, March 3, 1896, all parties resident in the commonwealth having waived the service of citation and joined in the prayer of petitioner, and service upon William Bischof or his next of kin having been had by advertisement as required by order of February 8, 1896, no answer having been filed, and it appearing to the court that it is necessary that the property described in paragraph 3 of petition should be sold for (1) the payment of the debts ; (2) the maintenance of the minor children of said decedent, and it further appearing (3) that the said property having become dilapidated, comparatively unproductive and burthensome to retain, it would be greatly to the advantage of said minors that it be sold ; (4) that the price offered is a better price than can be obtained at public sale, and

(5) that such sale can be made without prejudice to any trust, charity or purpose for which same is held; It is ordered, adjudged and decreed that Henry Freker, executor of the will of said decedent, make sale of the real estate described in the petition to Henry Berg, for the sum of $1,000 cash, and to make, execute and deliver deed for said real estate to said Henry Berg, in receipt of the purchase money, and he is directed to furnish bond for the faithful performance of his duties and application of the purchase money, in the sum of $2,000, with sureties to be approved by court. Per Curiam."

The plaintiff, on March 13, 1896, furnished bond which was approved by the court. And the said plaintiff, having made sale to the said Henry Berg in accordance with said order of the said lots, made return of the same to the said honorable court March 13, 1896, and the same was confirmed, and it is ordered that the petitioner execute and deliver deed to the purchaser for said land described in the petition on receipt of the purchase money. Thereupon the plaintiff executed a good and sufficient deed for said lots to the said Henry Berg, and tendered him the same and made demand for the purchase money, which the said Henry Berg refused to pay, averring that the said deed and proceedings did not convey a good and marketable title in fee simple to said lots.

If the court be of the opinion that the said deed and proceedings vest in the said Henry Berg a good and marketable title to the said lots of ground in the borough of Verona, described in said proceedings and deed, then judgment to be entered for the plaintiff for the said sum of $1,010, but if not, then judgment to be entered for the defendant. The costs to follow the judgment. Both parties reserve the right to sue out a writ of error or certiorari.

*Error assigned* was the decree of the court.

*J. P. Hunter*, for appellant, cited Oliver's App., 101 Pa. 303; Spencer v. Jennings, 123 Pa. 184; Kirk v. Carr, 54 Pa. 285; Myers's App., 62 Pa. 104; Bell's App., 66 Pa. 498.

*J. E. O'Donnell*, for appellee, cited Jacoby v. McMahon, 174 Pa. 133; Gilmore v. Rodgers, 41 Pa. 120; Burton's App., 57 Pa. 213.

OPINION BY MR. JUSTICE McCOLLUM, November 6, 1899:

This is a case stated in which Henry Freker as executor of the last will and testament of Bernard Bischof, deceased, is the plaintiff and Henry Berg is the defendant. It relates to a sale by the former to the latter of certain lots designated in the will of the decedent as his Verona property, and of which he died seized. The executor, in his petition to the orphans' court for an order to sell said property for the benefit of the owners, averred, inter alia, that he had received an offer from Henry Berg to purchase said property at the price of $1,000, and that the same was a fair and reasonable price, and more than could be realized at a public sale. It was also averred therein that all the heirs and parties in interest, except William Bischof, who was a nonresident, absent from the state and unheard of since 1884, desired that the sale should be made. There was a debt of the estate secured by mortgage on the decedent's Pittsburg property, and it was the intention of the heirs and parties in interest that the money arising from the sale of the Verona property should be applied to the payment of this debt. This intention was therefore in accord with the manifest intention of the testator, who in the sixth clause of his will said : " It may be necessary to sell my Verona property to pay off debts of my Pittsburg property." All debts not of record, and some that were, have been paid, and the mortgage debt alone remains. There is therefore no question raised concerning a debt which has lost its lien by the failure of the creditor to comply with the 24th section of the Act of February 24, 1834, P. L. 77, nor any warrant for an inference or suggestion in Kirk v. Carr, 54 Pa. 265, in Myers's App., 62 Pa. 104, or in Bell's App., 66 Pa. 498, which in any degree collides with or obstructs the proceeding in the orphans' court or invalidates the order of sale. The proceedings in said court were under the act of April 18, 1853, commonly known as the Price Act, and in conformity therewith. It plainly appeared in the petition and the testimony supporting it that the heirs and parties in interest would be materially benefited by the sale, and the court upon due consideration entered on March 3, 1896, an order in accordance with the petition, which order was followed on March 7, 1896, by a contract between the plaintiff and defendant in the case stated.

All the parties in interest, including the minor children of the decedent, who were represented by their guardian, approved the sale, except the nonresident heir absent as above stated, and service on him or his next of kin was had by advertisement as required by order of court.

The plaintiff, having executed a good and sufficient deed for said lots to the said Henry Berg, tendered him the same and made demand for the purchase money, which he refused to pay, alleging that the said deed and proceedings did not convey a good and marketable title in fee simple to said lots. The court below, after due and careful consideration of the case stated and the exhibits, concluded that the deed tendered vested in the defendant a good and marketable title to the property described therein, and in this conclusion we concur. We therefore affirm the judgment entered by the learned court below.

Judgment affirmed.